| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>POUGHKEEPSIE DIVISION | | HEARING DATE: September 1, 2026<br>HEARING TIME: 10:00 a.m.<br>OBJECTION DEADLINE: August 25, 2026 |
| ------------------------------------------------------- | x | |
| In re: | : | |
| | : | Case No. 26-35745 (kyp) |
| 381 MAIN STREET REALTY CORP., | : | |
| | : | (Chapter 11) |
| Debtor. | : | |
| ------------------------------------------------------- | x | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1112(b)**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), hereby files a Memorandum of Law in Support of his Motion to Dismiss Case under 11 U.S.C. § 1112(b) (the "Motion"). In support of the Motion, the United States Trustee respectfully represents and alleges as follows:

## I. INTRODUCTION

There is cause to dismiss this case under 11 U.S.C. § 1112(b)(4) because the Debtor is a fictitious person that may only appear in bankruptcy court through counsel; and its *pro se* chapter 11 petition is null and void. If the Debtor were to raise the issue, it would not be able to establish unusual circumstances under 11 U.S.C. § 1112(b)(2). Allowing the Debtor to remain in chapter 11 would not benefit creditors and the estate; and there is no indication the Debtor would be able to confirm a chapter 11 plan within a reasonable time. Dismissal is in the best interests of creditors and the estate. Conversion of the case is not feasible because, as a fictitious entity, the Debtor may not file a chapter 7 case *pro se.*

## II. FACTS

On July 14, 2026 (the "Petition Date"), the Debtor, which is a corporation, filed a *pro se* single asset real estate chapter 11 petition (the "Petition"), through its president, Angelline

Smalls.[1] ECF Doc. No. 1. On the Petition Date, the Debtor also filed a List of the Twenty Largest Unsecured Creditors, Schedules, Statement of Financial Affairs, and creditor matrix. ECF Doc. No. 1. To date, the Debtor has failed to file a Local Bankruptcy Rule 1007-2 Declaration, Resolution Authorizing the Filing, and Corporate Ownership Statement. On the Petition Date, the Debtor also filed an Application to Pay Filing Fee in Installments, which the Court denied on July 15, 2026. ECF Doc. Nos. 2 and 4. To date, the Debtor has paid only $300.00 of the $1,167.00 filing fee. ECF Doc. No. 1. *See also* 28 U.S.C. § 1930(a)(3).

The Debtor's sole assets are a bank account with $0.00 on deposit and real property, located at 381 Main Street, Poughkeepsie, New York 12501, which as a scheduled value of $700,000.00 (the "Property"). Schedule A/B, at 1, Line 1; and 6, Line 55. On July 4, 2026, the Debtor suffered losses from storm water damage to the Property, and an insurance claim is pending. Statement of Financial Affairs, at 4, Line 10.

On Schedule D, the Debtor listed four secured creditors: (1) the City of Poughkeepsie, New York, which holds a property tax lien of $25,000.00; (2) Empire State Certified Development Corp., which holds a mortgage on the Property securing a debt of $50,000.00; (3) Lepore Property Management, which has a secured claim encumbering the property in the amount of $8,000.00; and (4) NBT Bank, which holds a mortgage claim of $118,000.00. Schedule D, at 1-2, Lines 2.1, 2.2, 2.3, and 2.4. The Debtor did not list any priority or general unsecured claims. Schedule E/F. There were no litigation, repossessions, foreclosures, assignments, or receiverships pending on the Petition Date. Statement of Financial Affairs, at 3, Lines 5 and 7; and 4, Line 8.

---

[1]The Debtor described itself both as a single asset real estate debtor and a subchapter V debtor. *See* Petition, at 2, Lines 7a and 8. Upon review of the Petition and Schedules, the United States Trustee determined that the Debtor is filed a single asset real estate chapter 11 case.

The Debtor leases the Property to a salon and spa. Schedule G, Line 2.1. In 2024 and 2025, the Debtor had gross revenues from operating a business of $36,000.00; and in 2026 through the Petition Date, the Debtor's gross revenues were $14,700.00. Statement of Financial Affairs, at 1, Line 1. The Debtor made no payments to creditors within the 90 days prior to the Petition Date. *Id*. at 2, Line 3. Post-petition income is unknown because the Debtor has not yet filed any monthly operating reports.

## III. ARGUMENT

### A. There is Cause to Dismiss the Debtor's Case under 11 U.S.C. § 1112(b)(4) Because, as a Fictitious Entity, the Debtor May Not Appear in Bankruptcy Court *Pro Se* and the Petition Is, Therefore, Null and Void.

Title 11 U.S.C. § 1112(b) provides, in part, that:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this title, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) lists several examples of cause, which are illustrative, not exhaustive. *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2nd Cir. 1997). "[T]his section was meant to provide the Court with the means to convert or dismiss a case based on the facts peculiar to each case." *In re Seaview Estates, Inc*., 213 B.R. 427, 432 (Bankr. E.D.N.Y. 1997). The Court has "wide discretion to determine whether cause exists to convert or dismiss a case." *In re BH S&B Holdings, LLC*, 439 B.R. 342, 326 (Bankr. S.D.N.Y. 2010).

Corporations and other fictitious persons may not appear in federal court except through counsel. *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976). "[F]ictional legal persons obviously cannot appear for themselves personally." *Id.* (citations omitted). The *pro se* appearance of a corporation in federal court is "at all times a nullity." *Frayler v. New York Stock*

*Exchange, Inc.*, 118 F. Supp. 448, 451 n.2 (S.D.N.Y. 2000). "This rule is applicable to all forms of business entities." *In re 1103 Norwalk Street, L.L.C.*, 2003 WL 23211564, at *1 (Bankr. M.D.N.C. November 26, 2003) (citing *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993)). *See also Tinkers & Chance v. Zowie Entertainment, Inc.,* 2001 WL 706908, at **1 (Fed. Cir. June 7, 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."). Fictitious persons must file bankruptcy through counsel and a petition filed *pro se* is null and void. *See, e.g., In re Dick Tracy Ins. Agency, Inc*., 204 B.R. 38, 39 (Bankr. W.D. Mo. 1997) (it is undisputed that corporations must appear in Bankruptcy Court through counsel). As such, there is cause to dismiss a fictitious person's *pro se* case under § 1112(b)(4). *In re BSL Operating Corp*., 57 B.R. 945, 948 (Bankr. S.D.N.Y. 1986).

Here, the Debtor is a corporation, and it may only appear in bankruptcy court through counsel. Because the Debtor filed the case *pro se*, the Petition is null and void. On this basis, there is cause to dismiss the case.

**B. If the Debtor Were to Raise the Issue, It Would Not Be Able to Demonstrate Unusual Circumstances under § 1112(b)(2).**

Under § 1112(b)(2), the Court may not dismiss or convert a case if (1) unusual circumstances exist such that dismissal of the chapter 11 case is not in the best interest of creditors and the estate; (2) there is a reasonable likelihood a bankruptcy plan can be confirmed within a reasonable time; and (3) the grounds establishing cause include an act or omission that the Debtor can reasonably justify and cure within a reasonable period of time. *Dickey v. Harrington (In re Dickey)*, 559 B.R. 547, 550 (D. Mass. 2016); and 11 U.S.C. § 1112(b)(2)(A) and (B). The Debtor has the burden of proving the existence of unusual circumstances. *In re 250 Pixley Road*, LLC, 2018 WL 1381316 (Bankr. W.D.N.Y. March 16, 2018).

If the Debtor were to raise this issue, it would not be able to demonstrate unusual circumstances. Allowing the Debtor to remain in chapter 11 would not benefit creditors or the estate; and there is no indication that the Debtor has a reasonable likelihood of confirming a chapter 11 plan within a reasonable time, given its failure to retain counsel.

**C. Dismissal is in the Best Interests of Creditors and the Estate.**

After determining that cause exists under § 1112(b)(4) and that there are no unusual circumstances under § 1112(b)(2), "the Court has broad discretion to either convert or dismiss a chapter 11 case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *In re the AdBrite Corporation*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2001) (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)).

Dismissal is in the best interests of creditors and the estate. Conversion to chapter 7 is not feasible because as a fictitious entity, the Debtor may not file a chapter 7 case *pro se*. *See, e.g., Dick Tracy Ins. Agency*, 204 B.R. at 39 (corporate debtor must be represented by counsel in a chapter 7 case).

## IV. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court grant the Motion, dismiss the Debtor's case, and grant other relief as is just.

Dated: Poughkeepsie, New York
July 28, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*
Alicia M. Leonhard
Trial Attorney
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207
Telephone: 202.495.9929 (Direct)
Email: Alicia.M.Leonhard@usdoj.gov